IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TERESA BIRK, ) | |
|         Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 11-cv-1007-MJR-PMF |
| ) | |
| GARY STARK, ) | |
| ) | |
|         Defendant. ) | |

ORDER ON THRESHOLD JURISDICTIONAL REVIEW

REAGAN, District Judge:

On November 16, 2011, Teresa Birk filed suit in this Court alleging professional negligence (legal malpractice) by attorney Gary Stark in handling Birk's 2005 personal injury suit against Robert Sinn (Case No. 05-cv-04144-JPG). On January 4, 2012, Birk's current counsel secured a clerk's entry of default, reflecting that Defendant Stark had been served and had failed to timely respond to the complaint. Birk now seeks default judgment from the Court.

The case was randomly assigned to the undersigned District Judge, whose first task it is to verify that subject matter jurisdiction lies. **See *Avila v. Pappas*, 591 F.3d 552, 553 (7th Cir. 2010)("The first question in every case is whether the court has jurisdiction"); *Johnson v. Wattenbarger*, 361 F.3d 991, 992 (7th Cir. 2004)("All too often both litigants and judges disregard their first duty in every suit: to determine the existence of subject-matter jurisdiction.").**

Birk's complaint invokes subject matter jurisdiction under the federal diversity statute, 28 U.S.C. 1332, which requires complete diversity of citizenship among the parties plus an amount in controversy exceeding $75,000, exclusive of

interest and costs.  The complaint properly alleges the amount in controversy but falls short as to citizenship.  Specifically, Birk has alleged that "Plaintiff is a resident of Cape Girardeau, Missouri," and "Defendant is a resident of Anna, Illinois" (Doc. 2, p. 1). However, there is a distinction between residing in and being a citizen of a particular state.  Seventh Circuit law plainly holds that residence does not equate to citizenship, and the latter controls for jurisdictional purposes. Pleading residence is inadequate to invoke diversity jurisdiction, the Seventh Circuit has emphatically and "repeatedly reminded litigants and district judges" alike. ***Craig v. Ontario Corp.*, 543 F.3d 872, 876 (7th Cir. 2008)*, citing Camico Mut. Ins. Co. v. Citizens Bank*, 474 F.3d 989, 992, and *Meyerson v. Harrah's East Chicago Casino*, 299 F.3d 616, 617 (7th Cir. 2002).**

Accordingly, the Court **DIRECTS** Plaintiff's counsel to file a First Amended Complaint by <u>January 31, 2012</u>, plainly alleging all aspects of diversity jurisdiction, including the *citizenship* of both parties.

The Court **DENIES for lack of jurisdiction** (without prejudice to Plaintiff re-filing) the pending motion for default judgment against Defendant Stark (Doc. 10). Once counsel has filed a complaint properly alleging the elements of  subject matter jurisdiction, Plaintiff can freshly apply for default entry and default judgment under Federal Rules of Civil Procedure 55(a) and (b), respectively.  One point bears note as to any future motion for default judgment.

Federal Rule of Civil Procedure 55(b)(1) governs default judgment motions where the plaintiff's claim is for a sum certain or a sum that can be made certain by computation.  Rule 55(b)(1) provides that default judgment must be entered on the plaintiff's request if the defendant is not a minor or incompetent person, the claim

is for a sum certain (or sum which can be made certain by calculation), and the plaintiff supplies an affidavit showing the amount due. Rule 55(b)(2) covers all other cases and authorizes the Court to hold a hearing, if needed, to: "(A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter."

Birk's two-sentence motion does not make clear which subsection this case falls under and leaves some question as to the relief sought by default. The best the Court can glean, Plaintiff Birk seeks $75,000 in damages, no more and no less. If and when Plaintiff's counsel re-files a motion for default judgment herein, the motion should clarify the subsection of Rule 55(b) under which default judgment is sought and expressly state the relief requested (the precise amount of damages or whatever relief is sought via the default judgment). That information should be contained in the motion itself (which may be supported by affidavit). This will guide the Court's determination as to whether Rule 55(b)(1) default is permissible based on an affidavit alone *or* whether a hearing needs to be conducted under Rule 55(b)(2), at which Plaintiff's counsel would present evidence to establish the amount of damages or other relief sought.

IT IS SO ORDERED.

DATED January 6, 2012.

s/ **Michael J. Reagan**
Michael J. Reagan
United States District Judge