IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| TERESA BIRK, | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 11-cv-1007-MJR-DGW |
| | ) | |
| GARY STARK, | ) | |
| | ) | |
| Defendant. | ) | |

<u>MEMORANDUM AND ORDER</u>

REAGAN, District Judge:

A.   **INTRODUCTION AND PROCEDURAL HISTORY**

In August 2003, Theresa Birk and Robert Sinn were involved in a vehicular collision in Alexander County, Illinois.  Birk hired attorney Gary Stark to file a personal injury suit against Sinn.  In August 2005, Stark filed a complaint on Birk's behalf against Sinn.  The lawsuit was filed in this District Court, invoked subject matter jurisdiction under the federal diversity statute, and was randomly assigned to the Honorable J. Phil Gilbert, District Judge (*Birk v. Sinn,* Case No. 05-cv-4144-JPG).   On February 13, 2007, that case was dismissed without prejudice by Judge Gilbert, based on the fact that service was not timely effected under Federal Rule of Civil Procedure 4(m).

In November 2011, Teresa Birk filed the above-captioned suit in this Court alleging legal malpractice by attorney Stark in handling the personal injury suit against Sinn ("the underlying action").  The case was randomly assigned to the undersigned District Judge and is set for bench trial on July 29, 2013.  A settlement conference is scheduled before the Honorable Donald G. Wilkerson on June 10, 2013.

Now pending before the Court is Plaintiff's February 27, 2013 motion for summary judgment, to which Defendant timely responded on April 10, 2013.  Plaintiff was given the opportunity, but declined, to file a reply brief by April 17, 2013 (*see* briefing schedule at Doc. 41).    For the reasons stated below, the Court denies the motion.

**B.    STANDARD GOVERNING SUMMARY JUDGMENT**

Federal Rule of Civil Procedure 56 governs motions for summary judgment. Summary judgment should be granted if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Anderson v. Donahoe,* **699 F.3d 989, 994 (7th Cir. 2012),** *citing* **FED. R. CIV. P. 56(a).** A "genuine issue of material fact remains "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Serednyj v. Beverly Healthcare, LLC,* **656 F.3d 540, 547 (7th Cir. 2011),** *citing Anderson v. Liberty Lobby, Inc.,* **477 U.S. 242, 248 (1986).**

In assessing a summary judgment motion, the district court views all facts in the light most favorable to, and draws all reasonable inferences in favor of, the non-moving party.  *Anderson v. Donahoe,* **699 F.3d at 994,** *citing Ault v. Speicher,* **634 F.3d 942, 945 (7th Cir. 2011).**  *Accord Righi v. SMC Corp.,* **632 F.3d 404, 408 (7th Cir. 2011);** *Delapaz v. Richardson,* **634 F.3d 895, 899 (7th Cir. 2011).**  Before the nonmovant can benefit from this favorable view of the evidence, however, he must first actually place some evidence before the court.  *Montgomery v. American Airlines, Inc.,* **626 F.3d 382, 389 (7th Cir. 2010).**

An additional word regarding the burden of proof is warranted here.  Rule 56 imposes an initial burden of production on the movant for summary judgment – he must demonstrate that a trial is not needed.  *Celotex Corp. v. Catrett*, **477 U.S. 317, 323 (1986).**  The Court of Appeals for the Seventh Circuit recently reiterated how this burden works in the typical case – i.e., when the summary judgment motion is filed by the party that does *not* bear the ultimate burden of persuasion at trial:

> Where the nonmovant bears the ultimate burden of persuasion on a particular issue, … the requirements that Rule 56 imposes on the moving party are not onerous.  It does not require the moving party to "support its motion with affidavits or other similar materials *negating* the opponent's claim."  *Id. (emphasis in original).*  Rather, the movant's initial burden "may be discharged by 'showing' – that is point[ing] out to the district court – that there is an absence of evidence to support the nonmoving party's case."
>
> Upon such a showing, the nonmovant must then "make a showing sufficient to establish the existence of an element essential to that party's case."  *Id.* at 322.   The nonmovant need not depose her own witnesses or produce evidence in a form that would be admissible at trial, but she must "go beyond the pleadings" … to demonstrate that there is evidence "upon which a reasonable jury could properly proceed to find a verdict" in her favor."

*Modrowski v. Pigatto*, **-- F.3d --, 2013 WL 1395696 (7th Cir. April 8, 2013).**  *See also Marcatante v. City of Chicago,* **657 F.3d 433, 439 (7th Cir. 2011);** *Crawford v. Countrywide Home Loans, Inc.,* **647 F.3d 642, 648–49 (7th Cir. 2011),** *citing Celotex,* **477 U.S. at 323.**

In the case at bar, though, *Plaintiff* seeks summary judgment.  Here the movant for summary judgment is the party who bears the burden of persuasion at trial.  When the party moving for summary judgment also bears the burden of persuasion at trial, that party's initial summary judgment burden is higher.

When a summary judgment movant bears the burden of persuasion at trial (e.g., the movant is the plaintiff, or the movant is a defendant asserting an affirmative defense), she must establish all the essential elements of her claim (or defense).   *See Celotex*, 477 U.S. at 322.  *See also Surles v. Andison,* 678 F.3d 452, 455-56 (6th Cir. 2012) (if summary judgment movant is plaintiff, she must show that the record contains evidence satisfying her burden of persuasion); *Adler v. Wal-Mart Stores, Inc.,* 144 F.3d. 664, 670 (10th Cir. 1998)(at summary judgment stage, party that bears burden of persuasion at trial must come forward with sufficient evidence of each essential element of its prima facie case); Moore's Federal Practice § 56.13(1) (3d ed. 2000) .

To summarize, if the summary judgment movant does *not* bear the burden of proof at trial, he can prevail just by showing an absence of evidence to support <u>any</u> essential element of the nonmovant's case.  But if the summary judgment movant *does* bear the burden of proof at trial, he can prevail only by proving <u>each</u> element of his case with evidence sufficiently compelling that no reasonable jury could return a verdict for the nonmovant. *Celotex*, 477 U.S. at 331 ("If the *moving* party will bear the burden of persuasion at trial, that party must support its motion with credible evidence ... that would entitle it to a directed verdict if not controverted at trial").  *See also Anderson,* 477 U.S. 248; *Lewis v. Kordus,* 2010 WL 3700020 (E.D. Wisc. 2010) (unreported).  The case at bar fits in the latter category.

The Seventh Circuit has pointedly declared that summary judgment is the "put up or shut up moment" in the case, at which "the non-moving party is required to marshal and present the court with the evidence she contends will prove her case,"

evidence on which a reasonable jury could rely. *Porter v. City of Chicago,* **700 F.3d 944, 956 (7th Cir. 2012),** *citing Goodman v. Nat'l Sec. Agency, Inc.,* **621 F.3d 651, 654 (7th Cir. 2010).**

C.  <u>ANALYSIS OF PLAINTIFF'S MOTION</u>

In seeking summary judgment, Plaintiff Birk contends that she has satisfied her burden as to each element of an Illinois legal malpractice claim, that there are no genuine issues of material fact, and that she is entitled to judgment as a matter of law as to Defendant's negligence (and damages of $75,000) (Doc. 34, p. 1; Doc. 35, p. 2). Thus analysis turns to the elements of a legal malpractice claim. Depending on how they are combined when articulated, the claim consists of three, four, or five elements. But the essential components of the claim remain the same: "'(1) the existence of an attorney-client relationship that establishes a duty on the part of the attorney; (2) a negligent act or omission constituting a breach of that duty; (3) proximate cause; and (4) damages.'" *Smart v. Local 702 Intern. Broth. of Elec. Workers,* **562 F.3d 798, 810 (7th Cir. 2009),** *citing Lopez v. Clifford Law Offices, P.C.,* **841 N.E.2d 465, 470-71 (Ill. App. Ct. 2005).** *See also Ennenga v. Starns,* **677 F.3d 766, 777-78 (7th Cir. 2012),** *quoting Pelham v. Griesheimer,* **440 N.E.2d 96, 98 (Ill. 1982) (the elements of Illinois legal malpractice claim are "the existence of a duty owed by the defendant to the plaintiff, a breach of that duty, and an injury proximately caused by the breach.").**

As the United States Court of Appeals for the Seventh Circuit stated in 2011, to prevail on a legal malpractice claim based on Illinois law, the plaintiff must prove:

(1)    the defendant attorney owed the plaintiff client a duty of due care arising from an attorney-client relationship,
(2)    the attorney breached that duty,
(3)    the client suffered an injury in the form of actual damages, and
(4)    the actual damages resulted as a proximate cause of the breach.

*Bourke v. Conger*, **639 F.3d 344, 347 (7th Cir. 2011),** *quoting Fox v. Seiden,* **887 N.E.2d 736, 742 (Ill. App. Ct. 2008).**

In the case at bar, Plaintiff has established the first two elements of the legal malpractice claim. Defendant Stark has admitted the existence of **an attorney-client relationship under which he owed Birk a duty of care**.  In his February 2012 answer to Birk's amended complaint, Stark admitted the allegations of paragraph 10 -- i.e., Birk retained Stark in his professional capacity as a licensed Illinois lawyer to prosecute her claim against Robert Sinn).  Stark also admitted the allegations of paragraph 34  -- that he had a duty under that relationship, including the duty to keep Birk informed of the status of her case and to follow applicable rules of civil procedure, such as the rules governing service of process within 120 days of filing the complaint.

Additionally, the record establishes a **breach of that duty** by Stark.  In his answer, Stark admitted paragraphs 15 through 20 of the amended complaint, which alleged that Stark did not effect timely service on Sinn in the underlying action, that Stark failed to obtain a continuance of a status conference set by the Court, that the Court entered a Show Cause Order warning Stark that the case could be dismissed for lack of prosecution under Federal Rule of Civil Procedure 41(b) if Stark did not take certain action by a deadline, that the Court granted Stark an additional 60 days to

comply with the directive (up through February 10, 2007), and that Stark blew the deadline contained in the Order, after which Birk's complaint was dismissed.

And though Stark *denied* paragraph 21 of the amended complaint (alleging that Stark "did nothing further to reinstate the Plaintiff's claim, and her claim is now forever barred," Doc. 12, p. 3), the undersigned Judge can and does take judicial notice of the public record/docket in the underlying case which shows no action by Stark to reinstate Birk's claim (or take an appeal) following Judge Gilbert's without prejudice dismissal. *See, e.g., In re Salem,* **465 F.3d 767, 771 (7th Cir. 2006) (judicial notice of documents contained in the public record is proper).**

Specifically, the record from the underlying action shows: (a) summons was issued on August 10, 2005; (b) Judge Gilbert set and held a status conference on November 21, 2006; (c) attorney Stark failed to appear, after which Judge Gilbert issued a Show Cause Order directing Stark to take action by December 1, 2006 to avoid the case being dismissed *with* prejudice for want of prosecution; (d) Stark secured a sixty-day extension of that deadline, through February 10, 2007; (e) Stark took no action by the February 10, 2007 deadline; (f) on February 13, 2007, Judge Gilbert dismissed the case without prejudice based on failure to serve process; (g) judgment was entered accordingly; and (h) no further motion or appeal was filed by attorney Stark in the underlying action.

This leaves proximate cause and damages, which are intertwined inquiries. Plaintiff asserts that she has demonstrated "causation," relying on Stark's admission in his answer to paragraph 24 of the amended complaint that "[a]s a direct and proximate

result of Defendant's (GARY STARK) negligent acts or omissions, the Plaintiff, TERESA BIRK, lost her right to compensation for the damages she sustained in her personal injury claim" (Doc. 12, p. 3).   On first blush, that *sounds like* Stark has conceded proximate cause.  But caselaw is clear that to establish proximate cause in an Illinois legal malpractice case, the plaintiff must show that but for the lawyer's malpractice, the plaintiff *would have prevailed in the underlying action*.  ***Bourke*, 639 F.3d at 347, *citing Preferred Personnel Servs., Inc. v. Meltzer, Purtill, & Stelle, LLC*, 902 N.E.2d 146, 151 (Ill. App. Ct. 2009).**  In other words, the proximate cause element requires the plaintiff to establish that, were it not for the attorney's negligence, the plaintiff would have scored a victory of some kind in the underlying action.  ***Union Planters Bank, N.A. v. Thompson Coburn, LLP*, 935 N.E.2d 998, 1026 (Ill. App. Ct. 2010).** This is sometimes referred to as proving "a case within a case."

> The theory underlying a cause of action for legal malpractice is that the plaintiff client would have been compensated for an injury caused by a third party, absent negligence on the part of [plaintiff's] attorney." *Tri–G, Inc. v. Burke, Bosselman & Weaver,* … 856 N.E.2d 389 (2006). **To prove proximate causation in a legal malpractice case, plaintiff must essentially prove a "case within a case," that is, plaintiff must prove the underlying action and what her recovery would have been in that action absent the alleged malpractice.** *Merritt v. Goldenberg,* … 841 N.E.2d 1003 (2005). In other words, plaintiff must establish that "but for" the attorney's negligence, she would not have suffered the damages alleged. *Merritt,* … 841 N.E.2d 1003.
>
> Damages are not presumed in a legal malpractice case, and plaintiff bears the burden of proving that she suffered damages as a result of the attorney's negligence. *Sheppard v. Krol,* 218 Ill.App.3d 254, 259, 161 Ill.Dec. 85, 578 N.E.2d 212 (1991).

*First National Bank of LaGrange v. Lowrey,* **872 N.E.2d 447, 467-68 (Ill. App. Ct.**
**2007)(emphasis added).**

Indeed, the debatable qualities of the proximate cause issue (i.e., "the fact that
fair-minded persons might reach different conclusions") have led Illinois courts to
observe that "proximate causation in a legal malpractice case is generally a factual issue
to be decided by the trier of fact," rather than determined as a question of law. *First*
*National Bank,* **872 N.E.2d at 469.** *See also Bourke,* **639 F.3d at 347.** The Appellate
Court of Illinois, Fifth District, summarized this "well-established" principle one year
ago:

> The issue of proximate causation in a legal malpractice setting is generally
> considered a factual issue to be decided by the trier of fact.… Such a
> determination is to be made by the trier of fact after consideration of all of
> the evidence and attending circumstances…. The issue of proximate
> causation should never be decided as a matter of law where reasonable
> persons could reach different results….

*Buckles v. Hopkins Goldenberg, P.C.,* **967 N.E.2d 458, 464 (Ill. App. Ct. 2012),** *citing*
*Nettleton v. Stogsdill,* **899 N.E.2d 1252 (Ill. App. Ct. 2008),** *Governmental*
*Interinsurance Exchange v. Judge,* **850 N.E.2d 183 (Ill. 2006), and** *Renshaw v. Black,* **701**
**N.E.2d 553 (Ill. App. Ct. 1998) (internal citations and quotation marks removed).**

In the case sub judice, the record contains evidence that the defense of
contributory negligence may have adversely impacted Plaintiff Birk's personal injury
claim.  According to Defendant Stark's affidavit (Doc. 42-1), Birk was operating a
garden tractor on the side of the roadway and began to negotiate a U-turn into the line
of traffic just prior to impact by motorist Robert Sinn, which (as Stark advised Birk in

the underlying action) could have reduced or precluded her recovery of damages from the collision.

Plaintiff's quest for summary judgment falters because (a) she has not proven that she would have prevailed in the underlying action, and (b) she has not proven what her recovery would have been in that action, absent Stark's alleged malpractice. *See Merritt v. Goldenberg*, **841 N.E.2d 1003, 1010 (Ill. App. Ct. 2005).**  As to proximate cause, it is not enough to point to Stark's failure to timely serve Defendant Sinn (which resulted in the without prejudice dismissal of the underlying action).   To secure summary judgment, Birk must show that she would have prevailed in the underlying action *had* proper service been made and the case proceeded.  *See, e.g., Timothy Whelan Law Associates, Ltd. v. Kruppe*, **947 N.E.2d 366, 367 (Ill. App. Ct. 2011) ("It is not enough to plead that plaintiff *could not* succeed in defending against the TRO absent an answer.  The mere filing of an answer would not have guaranteed success.  A cause of action for legal malpractice requires that defendant '*would have* prevailed in the underlying action.'...  Thus, defendant needed to plead that plaintiff *would have* been able to successfully oppose the TRO if it had filed an answer, not simply that it could not succeed without filing one.")**

Nor has Birk established *what her recovery would have been* in the underlying action absent Stark's malpractice.  *First National Bank*, **872 N.E.2d at 467-68.**  Birk contends that her damages are $75,000, because Stark (as her attorney) signed the complaint in the underlying action attesting that "damages exceeded $75,000.00" (Doc. 35, p. 4).  This argument is a nonstarter.

The amount in controversy is the jurisdictional proponent's good-faith estimate of the value or stakes of the litigation.  A plaintiff's demand in a complaint -- pled to properly invoke diversity jurisdiction, in an amount over $75,000 -- does not establish that the plaintiff's damages *were* $75,000 (or $75,000.01).  An allegation of the amount in controversy does not equate to proof of actual damages.  No jury ever found damages in the underlying action, and Plaintiff tenders no evidence (e.g., an expert witness opinion) showing that in this particular case she likely would have recovered $75,000 *had her counsel obtained timely service and the case gone forward*.  The Court resists Birk's invitation to find that Stark is "judicially estopped" from challenging the damages element (or that he is otherwise stuck with the $75,000 figure) based on the fact he signed the complaint in the underlying action.

"Actual damages in a legal malpractice case are not presumed," they must be pled and proven by the plaintiff.  ***Nettleton v. Stogsdill,* 899 N.E.2d 1252, 1257 (Ill. App. Ct. 2008).**   Where the plaintiff's claimed damages are merely speculative, "actual damages are absent," and a valid legal malpractice cause of action has not been proven. ***Purmal v. Robert N. Wadington & Associates,* 820 N.E.2d 86, 93 (Ill. App. Ct. 2004), *citing Mann v. Rowland,* 795 N.E.2d 924, 933 (Ill. App. Ct. 2003).**  Simply put, Birk -- Plaintiff and summary judgment movant -- has not shouldered her burden of proving actual damages (i.e., what she would have recovered in the underlying case, absent her attorney's alleged negligence).

One final matter bears note – the statute of limitations.  A question exists as to whether this lawsuit was filed within the applicable limitations period.  Illinois has a

two-year statute of limitations for a legal malpractice action.  The two years runs "from the time the person bringing the action knew or reasonably should have known of the injury for which damages are sought."  ***Blue Water Partners, Inc. v. Edwin D. Mason, Foley and Lardner,* 975 N.E.2d 284, 297 (Ill. App. Ct. 2012).**  The statute of limitations incorporates the "discovery rule," serving to toll the period until the person knows (or reasonably should have known) of her injury.  ***Id.***

Here, the underlying action was dismissed on February 13, 2007.  The instant case was filed November 11, 2011.  That gap well exceeds two years, but Plaintiff maintains the limitations period was tolled, because Stark actively concealed the dismissal from her and continually told her the claim was pending in federal court up until July 2011.  Defendant Stark timely asserted the affirmative defense of statute of limitations in the instant case.  Confusingly, though, in his answer herein, he *admitted* the allegations of paragraph 22 of the amended complaint, which alleged that he hid facts from Birk and misled her about the dismissal of the underlying action until July 2011.  Stark counters that this was an error caused by renumbering of paragraphs from the original complaint to the amended complaint.  He submitted an affidavit (Doc. 42-1) attesting that he came clean to Plaintiff about the 2007 dismissal on May 18, 2009 at her workplace in Cape Girardeau, Missouri, on which date he advised her that she might wish to consult with an attorney.

The Court cannot properly (and need not) resolve that issue on the motion before it.  As the Seventh Circuit repeatedly has admonished, "summary judgment cannot be used to resolve swearing contests between litigants."  ***McCann v. Iroquois Memorial***

*Hospital,* **622 F.3d 745, 752 (7th Cir. 2010).**  Moreover, when a party had the requisite knowledge under the discovery rule to bring suit ordinarily is a question of fact not suited to summary judgment resolution.  ***Blue Water Partners,* 975 N.E.2d at 297.** Plaintiff has failed to meet her burden as to all elements of the legal malpractice claim, so summary judgment must be denied.

### D.    CONCLUSION

To secure summary judgment in the above-captioned action, Plaintiff had to prove all elements of an Illinois cause of action for legal malpractice.  "These elements effectively demand that the malpractice plaintiff present two cases, one showing that her attorney performed negligently, and a second or predicate 'case within a case' showing that she had a meritorious claim that she lost due to her attorney's negligence…. 'Plaintiff is required to establish that but for the negligence of counsel, [she] would have successfully prosecuted … the claim in the underlying suit.'" *Mihailovich v. Laatsch,* **359 F.3d 892, 905 (7th Cir.),** *cert. denied,* **543 U.S. 926 (2004),** *quoting Ignarski v. Norbut,* **648 N.E.2d 285, 288 (Ill. App. Ct. 1995).**

Teresa Birk has not demonstrated proximate cause (that but for Stark's negligence, Birk would have prevailed in the underlying action) and has not established actual damages.  Genuine issues of material fact remain, rendering summary judgment inappropriate.

Accordingly, the Court **DENIES** Birk's motion for summary judgment (Doc. 34). Absent settlement (or consent to trial before a Magistrate Judge of this District), the case will proceed to trial at 9:00 am on July 29, 2013.

IT IS SO ORDERED.

DATED May 2, 2013.

                                  <u>s/ **Michael J. Reagan**</u>
                                  Michael J. Reagan
                                  United States District Judge